Daniel, Judge.
At common law, the goods of the party , ....... , , against whom a writ of fieri facias issued, were bound from the teste of the writ: by which is meant that the writ bound the property as against the party himself, and all claiming by assignment from, or by representation under, him; so that a sale by a defendant of his goods bona fide, excepting in market overt, did not protect them from a fieri facias tested before, although not issued or delivered to the sheriff until after the sale. Payne v. Drewe, 4 East. 523, Cro. Eliz. 174, Cro. Jac. 451, 1 Sid. 271. Subject to the foregoing restrictions, the property of the goods is not altered, but continues in the defendant till the execution is executed. Lowthel v. Tomkins, 2 Eq. Cas. Abr. 381. Payne v. Drewe, 4 East. 540, If, therefore, the property is levied on and sold under a junior execution, the vendee gets a good title; and the party having the first execution, cannot seize them by virtue of his writ first tested; Smallcomb v. Buckingham, 1 Ld. Ray’d. 252, 1 Salk. 320, Comyns 35; if he could, no person would bid at sheriff’s sales. The party who has the execution the first test, may have his remedy against the sheriff, whose duty it was to execute that writ first, which was first tested, *456 if the sheriff has only levied under the younger execution, and before the sale an elder execution in point of teste comes to his hands, he may, and ought, to apply the property to the satisfaction ot the execution bearing the first teste. Green v. Johnston, 2 Hawks 309, Jones v. Atherton, 7 Taunt. 56. The above remarks apply to the case where several executions of different dates come to the hands of one officer. But when several executions, issuing from different competent Courts, are in the hands of different officers, (as in the case before us,) then, to prevent conflicts, if the officer holding the , . 7 . . „. . junior execution seizes property by virtue of it, the property so seized is not subject to the execution in the hands of the other officer, although first tested. Lord Ellenborough, in delivering the opinion of the Court iu Payne v. Drewe, held that where there are several authorities equally compe-bind the goods of a party, when executed by the proper officer, that they shall be considered as effectually and for all purposes bound by the authority which first actually attaches upon them in point of execution, and under which an execution shall be first executed! We think, that a levy at- . . . . taches upon the. goods m,point oi execution, 'i he jury, under the charge of the Court upon that point, found that the constable made the first levy. We are of the opinion that the sale by him gave the purchaser a good title,
The party whoTas’ t!on Tr first teste, iiisTernedy siferiff lhe whose duty it was (o execute that whiehTvas first tested,
If the sher-íífv'ied u"-y der the vounger execution, s'de anTid-uónTnpoiut of teste _ ha^ds^he>S mighuo appiy the property to the satisfac-exouüon'e beating the
When we say that the property of the goods, notwithstand-jng the teste of the execution, is not altered, but remains in & the defendant until the execution executed, we are not to be understood as saying that the sheriff, after he has made a levy, bas not; su°b a sPe°ial property in the goods as will enable him to maintain tresspafes or trover against any person who may take them out of his possession: for he may, as he is answerable to the plaintiff to the value of the goods. Wilbraham v. Snow, 2 Saund. 47. Watson on Sheriff’s 191.
We are of the opinion that the judgment on the warrant against Christmas, could not be collaterally impeached by evidence that the constable was a man of general bad character, or any other parol evidence* It is a judicial proceeding which is conclusive, unless upon some other proceeding directly to avoid it.
Per Curiam. Judgment affirmed.